**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**                **Criminal No.** 23-354 (FAB)

CÉSAR ALARCÓN-RODRÍGUEZ,

    **Defendant.**

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is the United States' motion *in limine*, requesting that the Court: (1) preclude defendant César Alarcón-Rodríguez ("Alarcón") from defining "reasonable doubt" at trial; (2) permit the United States to introduce inculpatory statements made by Alarcón during an interview with a law enforcement officer; (3) prohibit Alarcón from setting forth a "missing witness" argument; (4) bar Alarcón "from arguing jury nullification;" (5) preclude evidence of potential penalties and personal hardships resulting from a conviction; and (6) prohibit Alarcón from referring to discovery matters in the presence of the jury. (Docket No. 68.)  For the reasons set forth below, the Court **GRANTS** the United States' motion *in limine*.

Criminal No. 23-354 (FAB)                                          2

## I.  Background

A grand jury returned an indictment on September 20, 2023, charging Alarcón with delay or destruction of mail in violation of 18 U.S.C. § 1703 (counts one through six), and theft of mail by a United States Postal Service ("USPS") employee in violation of 18 U.S.C. § 1709 (count seven).  (Docket No. 1.)  The specific allegations against Alarcón are set forth in the September 25, 2024 Opinion and Order.  See United States v. Alarcón-Rodríguez, Case No. 23-354, 2024 U.S. Dist. LEXIS 175916 (D.P.R. Sept. 25, 2024) (Besosa, J.).  Essentially, Alarcón worked as a mail processing clerk at a USPS facility in Carolina, Puerto Rico.  Id. at *1-2.  Video surveillance purportedly depicts Alarcón opening mail without authorization to do so.  Id.  He allegedly destroyed six first-class letters in November and December 2022.  (Docket No. 1.)  The indictment also avers that Alarcón removed $1.00 from a first-class letter on December 13, 2022.  Id.

To sustain a section 1703(a) conviction, the United States must prove that Alarcón: (1) was a United States Postal Service ("USPS") employee; (2) committed an act that caused the mail to be detained or delayed; and (3) acted unlawfully.  See United States v. Molyneux, Case No. 24-4002, 2024 U.S. App. LEXIS 30416, at *6 (10th Cir. Dec. 3, 2024) (citing United States v. Scott, 993 F.2d 1520, 1521 (11th Cir. 1993)).  The elements of a section 1709

offense are: (1) that the defendant was a "Postal Service officer or employee;" (2) that the defendant "embezzled any package entrusted to him as a result of his employment;" and (3) that the package was "intended to be conveyed by [the USPS]." United States v. De Los Angeles, Case No. 21-10358, 2023 U.S. Dist. LEXIS 138303, at *5 (D. Mass. Aug. 8, 2023).

Trial is set to commence on March 4, 2025. (Docket No. 60.) The United States filed the motion *in limine* on February 12, 2025. (Docket No. 68.) Alarcón responded. (Docket No. 74.)

## II. Reasonable Doubt

The United States requests that the Court prohibit Alarcón from defining "reasonable doubt." (Docket No. 68 at pp. 1-3.) This Court possesses "wide discretion in fashioning instructions" to "provide the jury with a clear and succinct statement of the law." 9 Bender's Fed. Practice Forms (2021); Kelly v. Airborne Freight Corp., 140 F.3d 335, 352 (1st Cir. 1996) (noting that the First Circuit Court of Appeals "customarily cede[s] wide distraction to the trial courts to fashion jury instructions as they see fit"); see Fed. R. Crim P. 51(b) ("The court . . . may instruct the jury at any time before the jury is discharged.").

The phrase "'reasonable doubt' does not require definition." United States v. Wallace, 461 F.3d 15, 30 (1st Cir. 2006); Victor v. Nebraska, 511 U.S. 1, 5 (1994) ("[The] Constitution neither

prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course."). In fact, "most efforts at clarification result in further obfuscation of the concept." United States v. Frabizio, 459 F.3d 80, 97 (1st Cir. 2006). Accordingly, Alarcón is precluded from defining "reasonable doubt" at any time during the trial. Cf United States v. Ademaj, 170 F.3d 58, 66 (1st Cir. 1999) ("The district court acted properly in precluding counsel from arguing that the jury should equate 'reasonable doubt' with 'an abiding conviction to a moral certainty.'"). Alarcón may, however, argue that the United States has failed to satisfy its burden of proof beyond a reasonable doubt.

**III. Incriminating Statements from the May 20, 2023 Interview**

USPS Office of the Inspector General Agent Steven Martínez interviewed Alarcón on May 20, 2023. Alarcón-Rodríguez, 2024 U.S. Dist. LEXIS 175916, at *3. Alarcón signed a Miranda waiver before making several incriminating statements. Id. at *4. The United States contends that these statements are admissible pursuant to Federal Rule of Evidence 801(d)(2)(A). (Docket No. 68 at pp. 3-4.)

Hearsay is an out-of-court statement offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). This evidence is inadmissible unless a federal statute, the Federal Rules of Evidence, or rules prescribed by the

Supreme Court provide otherwise. Fed. R. Evid. 802. A self-incriminating statement by a defendant, offered at trial by the United States, is admissible pursuant to Federal Rule of Evidence 801(d)(2)(A). See 5 Weinstein's Fed. Evid. § 801.30 (2021) ("A party's own out-of-court statements and statements that are attributable to a party are not hearsay when they are offered against that party."). "Statements of a party-opponent can thus be offered for their truth." United States v. Cantwell, 64 F.4th 396, 407 (1st Cir. 2023) (citation and quotation omitted). Accordingly, inculpatory statements made by Alarcón are admissible.

## IV. The Missing Witness Argument

The United States requests that the Court "prohibit [Alarcón] from introducing evidence about or arguing any relevant inference from the fact that potential witnesses did not testify." (Docket No. 68 at p. 5.) The Court notes that neither party has requested a missing witness instruction. See United States v. Sandoval, 6 F.4th 63, 102 (1st Cir. 2021) (A threshold requirement for a missing witness instruction is that the uncalled witness not be equally available to both parties.) (citation and quotation omitted).

Federal Rule of Evidence 402 provides that all relevant evidence is admissible unless excluded by the United States

Constitution, federal statute, or other rule. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Fed. R. Evid. 401. The absence of a putative witness at trial is irrelevant. Accordingly, Alarcón is prohibited from referring to the absence of a putative witness in the presence of the jury.

**V.    Jury Nullification**

Jury nullification is a "practice whereby a juror votes in purposeful disregard of the evidence, defying the court's instructions on the law." United States v. Appolon, 695 F.3d 44, 65 (1st Cir. 2012) (internal citation and quotation omitted). Requesting that the jury acquit the defendant for reasons other than insufficient proof (i.e. potential punishment following a conviction, religious beliefs, unjust prosecution) is a form of jury nullification. The Court will instruct the jury that:

> The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the judge, and should never be considered by you in any way in arriving at an impartial verdict as to the guilt or innocence of the defendant.

See United States v. Manning, 79 F.3d 212, 219 (1st Cir. 1996) ("An attorney's attempt to achieve [jury nullification] indirectly, by arguing the severity of the punishment to the jury,

is equally impermissible."); <u>United States v. Joselyn</u>, 99 F.3d 1182, 1197 n.11 (1st Cir. 1996) (noting that defense counsel "made an improper appeal for jury nullification" by stating:  "People aren't born and the Almighty says you may be a prosecutor.  That's a right that's given by the people.  It's a trust.  And when it's abused, somebody's got to do something about it") <u>United States v. Arena</u>, 918 F. Supp. 561, 580 (N.D.N.Y. 1996) ("The only purpose of repeated references to the evils of abortion would be to appeal to the emotions of the jury, inviting nullification."); <u>United States v. Chugay</u>, Case No. 21-0008, 2022 U.S. Dist. LEXIS 97875, at *3-4 (S.D. Fla. June 1, 2023) (granting the United States' motion to preclude "[any] argument pertaining to Defendant's claimed motive to help immigrants," because these statements requested jury nullification).

    "Jury nullification verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power." <u>United States v. Rushin</u>, 844 F.3d 933, 939 (11th Cir. 2016) (internal citation and quotation omitted).  This Court possesses the discretion to "block defense attorney's attempts to serenade a jury with the siren song of nullification," and "may instruct the jury on the dimensions of their duty to the exclusion of jury nullification."  <u>United States v. Sepúlveda</u>, 15 F.3d 1161, 1190 (1st Cir. 1993) (noting that "neither the court nor counsel should

encourage jurors to exercise [the] power [to nullify a prosecution]"); see United States v. Díaz, 820 F. Supp. 2d 301, 306 (D.P.R. 2011) (prohibiting the defendant from setting forth a jury nullification argument at trial) (Besosa, J.); United States v. Apicelli, Case No. 14-012, 2015 U.S. Dist. LEXIS 67667, at *2 (D.N.H. May 26, 2015) (holding that "defense counsel is precluded from raising issues related to jury nullification at trial, and the court will not instruct the jury on the nullification power") (citation omitted).

Alarcón is precluded from presenting a jury nullification argument. This prohibition encompasses statements intended to inflame the passions of the jury. The Court is not, however, clairvoyant. Defense counsel need not preview his or her final appeal to the jury. The United States may raise timely objections during closing argument or at any time during the trial.

## VI. Evidence of Potential Penalties and Personal Hardship

The United States moves the Court to "preclude [Alarcón] from introducing evidence, making argument, or otherwise mentioning the potential penalties faced upon conviction." (Docket No. 68 at p. 9.) It also seeks to prohibit "any arguments or evidence designed either to infer a motive or excuse for [Alarcón's] criminal conduct or to invoke sympathies regarding the impact of a conviction upon [his] family or his disabilities (if any)." Id.

A defendant's potential sentence "is not relevant to the determination of whether there [is] sufficient evidence to support the conviction itself." United States v. Merlino, 592 F.3d 22, 30 (1st Cir. 2010) (citing Shannon v. United States, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed")). Moreover, Alarcón's motives for engaging in criminal conduct and potential personal hardships resulting from a conviction are irrelevant. See SEC v. Spencer Pharm, Inc., 58 F Supp. 3d 165, 166 (D. Mass. 2014) (holding that "any possible adverse consequences if [the defendant] is found liable for violations of U.S. securities law" is irrelevant) (citation omitted). Accordingly, Alarcón is prohibited from referring to potential penalties and personal hardships that may result from a conviction.

## VII. Requests for Discovery Before the Jury

The United States requests that the Court preclude Alarcón "from requesting discovery from witnesses . . . or otherwise commenting on discovery matters during closing argument." (Docket No. 68 at p. 10.) Federal Rule of Criminal Procedure 16 ("Rule 16") governs discovery in criminal actions. Fed. R. Crim. P. 16; see James Cissell, Federal Criminal Trials § 7-7 (2021 ed.) ("Rule 16 of the Federal Rules of Criminal Procedure is the basic, and in

Criminal No. 23-354 (FAB)                                          10

most cases, the exclusive discovery tool that can be utilized by a defendant"). In addition to Rule 16, the Supreme Court has held that due process of law demands the disclosure of exculpatory and impeachment evidence. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that the United States must disclose exculpatory evidence that "is either material to guilt or to punishment"); Giglio v. United States, 405 U.S. 150, 154 (1972) (holding that the United States must disclose impeachment material when "the reliability of a given witness may well be determinative of guilt or innocence."). References to Rule 16, Brady, and Giglio are irrelevant and will confuse the jury. Accordingly, Alarcón is prohibited from referring to discovery matters in the presence of the jury.

**VIII. Conclusion**

For the reasons set forth above, the United States' motion *in limine* is **GRANTED.** (Docket No. 68.)

Trial is set to commence on **March 4, 2025 at 9:00 a.m.** before the undersigned in Courtroom 4 of the Old San Juan Courthouse.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 25, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE